**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Einstein Associates LLC, | No. CV-20-02184-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| DAP Industries LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff Einstein Associates LLC's Motion for Alternative Service (Doc. 9). The Court now rules on the motion.

Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part, that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See also* Fed. R. Civ. P. 4(h)(1)(A). Arizona Rule of Civil Procedure ("Rule") 4.1(k)(1) provides that a court may allow for alternative means of service "[i]f a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable." Plaintiff argues it has demonstrated that service by traditional means is impracticable because its process server has been repeatedly unable to serve a representative of Defendant, and Defendant's statutory agent has not responded to an email requesting waiver of service. (Doc. 9 at 2). The Court disagrees and will, therefore, deny Plaintiff's motion without prejudice.

Rule 4.1(c)(1) governs the procedure for requesting waiver of service and requires a plaintiff to "notify the defendant that an action has been commenced and request that the defendant waive service of a summons." Rule 4.1(c)(1)(A)–(G) sets forth the requirements of such a notice and request.

Although the email attached to Plaintiff's motion (Doc. 9 at 7) references "attached documents," the exhibit does not include the attached documents or otherwise confirm that the attached documents satisfied the requirements of Rule 4.1(c)(1)(A)–(G). Nor does Plaintiff include an affidavit or other confirmation that its email met those requirements. Further, the attached email indicates that it was sent on December 28, 2020, and the instant motion was filed on January 20, 2021. (*Id.*). Consequently, Plaintiff has not provided Defendant with a reasonable opportunity to respond. *See* Ariz. R. Civ. P. 4.1(c)(1)(F) (stating that a plaintiff must "give the defendant a reasonable time to return the waiver, which must be at least 30 days after the request was sent").

Because Plaintiff fails to show that it met these requirements, Plaintiff fails to show that requesting waiver of service under Rule 4.1(c) is "impracticable" as required by Rule 4.1(k)(1). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Alternative Service (Doc. 9) is **DENIED** without prejudice. Should Plaintiff be able to correct the deficiencies identified in this Order, Plaintiff may file a renewed motion.

Dated this 26th day of January, 2021.

James A. Teilborg
Senior United States District Judge

- 2 -