1    **WO**

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    Einstein Associates LLC,                    No. CV-20-02184-PHX-JAT

10                    Plaintiff,                  **ORDER**

11   v.

12   DAP Industries LLC,

13                    Defendant.

14

15          Pending before the Court is Plaintiff Einstein Associates LLC's Motion for

16   Alternative Service (Doc. 12). The Court now rules on the motion.

17          Federal Rule of Civil Procedure ("Federal Rule") 4(e)(1) provides, in relevant part,

18   that "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial

19   district of the United States by . . . following state law for serving a summons in an action

20   brought in courts of general jurisdiction in the state where the district court is located or

21   where service is made." *See also* Fed. R. Civ. P. 4(h)(1)(A). Arizona Rule of Civil

22   Procedure ("Arizona Rule") 4.1(k)(1) provides that a court may allow for alternative means

23   of service "[i]f a party shows that the means of service provided in Rule 4.1(c) through

24   Rule 4.1(j) are impracticable."

25          Plaintiff argues it has demonstrated that service by traditional means is

26   impracticable because its process server has been repeatedly unable to serve a

27   representative of Defendant, and Defendant's statutory agent has not responded to an email

28   requesting waiver of service. (*Id.* at 2). The Court agrees.

As relevant here, Arizona law requires a showing that both personal service and requesting a waiver of service are impracticable before allowing alternative service. *See* Ariz. R. Civ. P. 4.1(c), (i), (k). Plaintiff meets this burden.

First, Plaintiff demonstrates that personal service is impracticable. Plaintiff includes a report from its process server reflecting three attempts to serve Defendant's statutory agent at three different addresses. (Doc. 12-1 at 5) The first two attempts were made at addresses listed on the Arizona Corporation Commission (ACC) website as belonging to Defendant's statutory agent. (*Id.* at 4, 5). The process server report indicates that the first attempt was unsuccessful because "the Leasing Office . . . informed [the process server] that the Agent is not listed as the current resident" of the apartment and "they cannot grant [the process server] access." (*Id.* at 5). The second attempt failed because the "Leasing office/security would not grant [the process server] access" to the building. (*Id.*). The process server also attempted to serve Defendant at a building listed on the return address of a package that Plaintiff received from Defendant. (*Id.* at 3). This third attempt failed because "[t]he Statutory Agent no longer lives [t]here." (*Id.* at 5).

Because the first two attempts resulted not only in an inability to serve Defendant, but a complete lack of access to the buildings, the Court finds that additional attempts at personal service at either of these two addresses would not serve any practical purpose. Nor would further attempts at the third building where the statutory agent no longer lives.

Next, Plaintiff also attempted to request a waiver of service, to no avail. After receiving an email response from Defendant's statutory agent regarding a cease and desist letter, Plaintiff sent a request for waiver of service to that email address and has received no reply. (*Id.* at 2, 6). The Court finds that this email met the requirements of a request for a waiver of service. The email was in writing, and addressed to Defendant's statutory agent, included the name of the Court, the relevant forms and pleadings, was dated, and Defendant has had more than 30 days to respond. *See* Fed. R. Civ. P. 4(d).[1] Further, the Court finds

---

[1] Arizona Rule 4.1(c) sets forth the requirements of a request for a waiver of service. Here, Plaintiff sought waiver under Federal Rule 4(d). Though the Arizona and Federal Rules are not identical, the Court finds that Defendant's refusal to waive under the Federal Rule is evidence that Defendant would also refuse to waive under the Arizona Rule, thereby

1   that because Defendant's statutory agent has previously replied to Plaintiff from this email

2   address, the email address is an "other reliable means" of sending the waiver request. *See*

3   *id.* 4(d)(1)(G).

4         Finally, the Court finds that sending process to Defendant's statutory agent through

5   both U.S. mail and email is likely to make Defendant aware of the commencement of this

6   suit. *See Ruffino v. Lokosky*, 425 P.3d 1108, 1113, ¶ 16 (Ariz. Ct. App. 2018) (noting that

7   "modern methods of communication, especially email, were more likely to give [the

8   defendant] notice" and, consequently, "the best means practicable to alert [the defendant]

9   of the suit and comply with due process was by alternative service").

10         Accordingly,

11         **IT IS ORDERED** that Plaintiff's Motion for Alternative Service (Doc. 12) is

12   **GRANTED**. Plaintiff may serve Defendant by sending a copy of the summons, complaint,

13   and this Order to Defendant's statutory agent via **both** U.S. Mail to both addresses listed

14   on the ACC website **and** email to devinhochberg@gmail.com.

15         **IT IS FURTHER ORDERED** *sua sponte* extending the deadline for Plaintiff to

16   serve Defendant to February 19, 2021.

17         Dated this 11th day of February, 2021.

18

19

20

21   James A. Teilborg
     Senior United States District Judge

22

23

24

25

26

27

28

---

satisfying the prerequisite of showing waiver under Arizona Rule 4.1(c) is impracticable.